UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| UNITED STATES OF AMERICA, ex rel. VEN-A-CARE OF THE FLORIDA KEYS, INC., by and through its principal officers and directors, ZACHARY T. BENTLEY and T. MARK JONES, <br><br> Plaintiff, <br><br> v. <br><br> DEY, INC.; DEY L.P., INC.; DEY L.P.; EM PHARMA, INC.; EMD PHARMACEUTICALS; LIPHA, S.A.; MERCK-LIPHA, S.A.; and MERCK KGaA, <br><br> Defendants. | ) ) ) ) Civil Action ) No. 05-11084-MEL ) ) ) ) ) ) ) ) ) |

**UNITED STATES' NOTICE OF FILING OF WAIVERS OF SERVICE**

Pursuant to Rule 4(d)(4) of the Federal Rules of Civil Procedure, the United States hereby files Waiver of Service of Summons forms reflecting waivers of service by Dey L.P., Inc., Dey L.P., and Dey, Inc. The forms are attached hereto.

Respectfully submitted,

MICHAEL J. SULLIVAN
UNITED STATES ATTORNEY

By:   /s/ George B. Henderson, II
GEORGE B. HENDERSON, II
Assistant U.S. Attorney
United States Courthouse
1 Courthouse Way, Suite 9200
Boston, MA 02210
October 31, 2006           (617) 748-3282

CERTIFICATE OF SERVICE

    I hereby certify that a copy of the foregoing document was served, via first class mail, on this 31st day of October, 2006, upon the following counsel:

| | |
|---|---|
| James J. Breen, Esq.<br>Alison Warren Simon<br>The Breen Law Firm, P.A.<br>P.O. Box 297470<br>Pembroke Pines, Florida  33029-7470 | Jonathan Shapiro, Esq.<br>Stern, Shapiro, Weissberg & Garin, LLP<br>90 Canal Street<br>Boston, MA 02114-2022 |
| Paul F. Doyle, Esq.<br>Neil Merkl, Esq.<br>William A. Escobar, Esq.<br>Kelley Drye & Warren, LLP<br>101 Park Avenue<br>New York, NY 10178 | Martin F. Murphy, Esq.<br>Foley Hoag LLP<br>155 Seaport Blvd<br>Boston, MA 02210-2600 |

    /s/ George B. Henderson, II
    George B. Henderson, II

✎AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>George B. Henderson, II, Assistant U.S. Attorney</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Martin F. Murphy</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>USA ex rel. Ven-A-Care of the Florida Keys, Inc. -v- Dey, Inc., et al.</u>,
(CAPTION OF ACTION)

which is case number <u>05cv11084-MEL</u> in the United States District Court
(DOCKET NUMBER)

for the _____ District of <u>Massachusetts</u>.

I have also received a copy of the U.S. complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the U.S. complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after <u>9/22/06</u>,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>10/25/06</u>       <u>Martin F. Murphy</u>
(DATE)                    (SIGNATURE)

Printed/Typed Name: <u>MARTIN F. MURPHY</u>

As <u>ATTORNEY</u> of <u>DEY L.P., INC</u>.
   (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

♦AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>George B. Henderson, II, Assistant U.S. Attorney</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Martin F. Murphy</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>USA ex rel. Ven-A-Care of the Florida Keys, Inc. -v- Dey, Inc., et al.</u>,
(CAPTION OF ACTION)

which is case number <u>05cv11084-MEL</u> in the United States District Court
(DOCKET NUMBER)

for the _____ District of <u>Massachusetts</u>.

I have also received a copy of the U.S. complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the U.S. complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after <u>9/22/06</u>,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

FH <u>10/25/06</u>        <u>Martin F. Murphy</u>
(DATE)                  (SIGNATURE)

Printed/Typed Name: <u>MARTIN F. MURPHY</u>

As <u>ATTORNEY</u> of <u>DEY L.P.</u>
   (TITLE)           (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.

♆AO 399 (Rev. 10/95)

# WAIVER OF SERVICE OF SUMMONS

TO: <u>George B. Henderson,II, Assistant U.S. Attorney</u>
(NAME OF PLAINTIFF'S ATTORNEY OR UNREPRESENTED PLAINTIFF)

I, <u>Martin F. Murphy</u>, acknowledge receipt of your request
(DEFENDANT NAME)

that I waive service of summons in the action of <u>USA ex rel. Ven-A-Care of the Florida Keys, Inc. -v- Dey, Inc., et al.</u>,
(CAPTION OF ACTION)

which is case number <u>05cv11084-MEL</u> in the United States District Court
(DOCKET NUMBER)

for the _____ District of <u>Massachusetts</u>.

I have also received a copy of the U.S. complaint in the action, two copies of this instrument, and a means by which I can return the signed waiver to you without cost to me.

I agree to save the cost of service of a summons and an additional copy of the U.S. complaint in this lawsuit by not requiring that I (or the entity on whose behalf I am acting) be served with judicial process in the manner provided by Rule 4.

I (or the entity on whose behalf I am acting) will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the court except for objections based on a defect in the summons or in the service of the summons.

I understand that a judgment may be entered against me (or the party on whose behalf I am acting) if an

answer or motion under Rule 12 is not served upon you within 60 days after <u>9/22/06</u>,
(DATE REQUEST WAS SENT)

or within 90 days after that date if the request was sent outside the United States.

<u>10/25/06</u>         <u>Martin F. Murphy</u>
(DATE)                                  (SIGNATURE)

Printed/Typed Name: <u>MARTIN F. MURPHY</u>

As <u>ATTORNEY</u> of <u>DEY, INC.</u>
   (TITLE)              (CORPORATE DEFENDANT)

**Duty to Avoid Unnecessary Costs of Service of Summons**

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of the summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded, or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or to the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney (or unrepresented plaintiff) a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against that defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.